# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2535

———————

United States of America,

        Appellee,

v.

Tramain M. Whiting,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: May 7, 2010
Filed: May 11, 2010

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.

Tramain Whiting appeals the sentence imposed by the district court[1] following our remand for consideration of retroactive Guidelines amendments relating to crack cocaine. His counsel has moved to withdraw and has filed a brief under Anders v. California, 368 U.S. 738 (1967), arguing that the district court erred in not reducing Whiting's base offense level by the same 3 levels that the court reduced it during the original sentencing under U.S.S.G. § 2D1.1(a)(3) (2006) (providing for varying

———————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

reductions if defendant has base offense level of 32, 34, 36, or 38, and receives mitigating role reduction under U.S.S.G. § 3B1.2).

We review the district court's Guidelines calculations de novo. See United States v. Yah, 500 F.3d 698, 702 (8th Cir. 2007). On remand, the district court applied Amendment 715, which became effective on May 1, 2008. Under that amendment, Whiting's offense level--based on a marijuana equivalency for the crack cocaine, powder cocaine, and marijuana attributed to him--was reduced from level 34 to level 32. See U.S.S.G. App. C Supp., Amend. 715. Because the recalculated offense level was 32, the district court calculated a 2-level rather than 3-level reduction. See U.S.S.G. § 2D1.1(a)(3) (if defendant is entitled to § 3B1.2 reduction, reduce base offense level of 32 by 2 levels, base offense level of 34 or 36 by 3 levels, and base offense level of 38 by 4 levels). We find no error in the district court's Guidelines calculations.

Further, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the amended judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____